IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 0 2 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

FRANK J. GAETA,

**09   1375**

Plaintiff,

-against-

INCORPORATED VILLAGE OF GARDEN CITY and
POLICE OFFICER ERROL WEDRA

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT WITH
JURY DEMAND**
Docket #:

# WEXLER, J.
# LINDSAY, M.J.

Plaintiff, by and through his attorney, FREDERICK J. MARTORELL, ESQ., of

FREDERICK J. MARTORELL, ESQ., P.C., complaining of the defendants allege upon

information and belief the following:

## FACTS COMMON TO ALL COUNTS

1.     Plaintiff FRANK J. GAETA is a resident of the State of New York and files this

action against the INCORPORATED VILLAGE OF GARDEN CITY (hereinafter referred to as

GARDEN CITY) and POLICE OFFICER ERROL WEDRA (hereinafter referred to as

WEDRA) for damages arising out of violations of his Federal and State constitutional and

statutory rights, for defamation and slander, and for infliction of emotional distress.

2.     Plaintiff FRANK J. GAETA was subjected to serious and cruel abusive conduct

under color of state law in utter disregard for the rights guaranteed him under the Fourteenth

(14th) Amendment of the U.S. Constitution and other statutes and that the defendants infringed

upon the personal liberty of plaintiff.

3.     That plaintiff FRANK GAETA was denied the right to be free and thus deprived

of his liberty under the Fourteenth Amendment of the United States Constitution by defendants

GARDEN CITY and WEDRA, when  defendant WEDRA perjured himself while testifying for

the State for the purpose of convicting plaintiff Frank Gaeta of a misdemeanor. The perjury was of a slanderous nature and had a negative impact upon the plaintiff in the eyes of the jury. The plaintiff was caused to lose his rights to a fair trial because of the defendant WEDRA's false and defamatory statement.

4.      That the defendant GARDEN CITY is the employer of the defendant WEDRA through its police department.

5.      That the defendant, GARDEN CITY establishes police policy for the GARDEN CITY Police Department and its police personal.

6.      That defendant WEDRA received training in police procedure including testifying at trial from the defendant GARDEN CITY through its police department.

7.      That it is the duty of the Defendant, GARDEN CITY to ensure that its local police department has policies and procedures that protect an individual's rights as guaranteed by the U.S. Constitution, 42 USC Section 1983 and Article I, Section 11 of the New York State Constitution.

8.      That it is the duty of the Defendant, WEDRA to ensure that he follows the policies and procedures of the defendant GARDEN CITY's police department that protect an individual's rights as guaranteed by the U.S. Constitution, 42 USC Section 1983 and Article I, Section 11 of the New York State Constitution.

JURISDICTION

9.      This claim concerns the violation of civil rights and the Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343. Plaintiff also pleads pendent claims for relief under the laws of the State of New York pursuant to 28 U.S.C. Section 1367.

<u>VENUE</u>

10.     Plaintiff FRANK J. GAETA currently resides in The County of Queens, City and State of New York.  The claims alleged arose in the Eastern District and in particular, Nassau County.  The defendants, GARDEN CITY and  WEDRA are located in the Eastern District.  Accordingly, venue properly lies in Eastern District pursuant to 28 USC §1391.

<u>PARTIES</u>

11.     Plaintiff FRANK J. GAETA is an adult citizen of the United States.  He is a resident of the County of Queens, City and State of New York.

12.     a.     Defendant GARDEN CITY is, was and continues to be a municipal corporation formed pursuant to the Municipal Laws of the State of New York.

        b.     Defendant WEDRA is, was and continues to be an employee of Garden City Police Department for the defendant GARDEN CITY.  He is being sued in his individual capacity and his official capacity for his actions against the Plaintiff FRANK J. GAETA leading to these claims.

13.     That at all times herein mentioned, upon information and belief, the municipal defendant GARDEN CITY and the defendant P.O. WEDRA, employed by said defendant GARDEN CITY are an official and authorized law enforcement presence.

<u>STATEMENT OF FACTS</u>

14.     On May 2, 2002, Plaintiff FRANK GAETA was arrested and charged with CPL 190.25, Impersonating a Peace Officer to obtain a benefit.  The arresting officer was defendant WEDRA (hereinafter "WEDRA") employee of the defendant GARDEN CITY through its local police department.  When defendant WEDRA took Mr. GAETA's wallet, he saw a memorabilia badge and an ID card for the Federal Law Enforcement Officers Association.  He asked Mr.

GAETA, "What is that? Where did you get it from?" In response Mr. GAETA stated, "I was on the job." Plaintiff, FRANK GAETA had been a Treasury Agent for the IRS and had resigned two (2) years earlier. Defendant WEDRA placed Mr. GAETA into custody, brought him back to the GARDEN CITY police station and eventually charged him with CPL 190.25, a misdemeanor. Mr. GAETA was in custody from 1:00 a.m. to approximately 8:30 a.m. that day wherein he was subjected to an illegal strip search among other abuses.

15.     During the course of his confinement, the U.S. Treasury Department was contacted by an employee of the defendant GARDEN CITY's local police department to verify that Mr. GAETA had, in fact, been a Treasury Agent. Treasury Agent GEORGE MURPHY and another female Treasury Agent arrived at the precinct that morning before Mr. GAETA was released from custody. The Treasury Agents had been told by a member of the VILLAGE OF GARDEN CITY POLICE DEPARTMENT that Mr. GAETA was there because of drugs. FRANK GAETA has never had any association with illegal drugs. There were no charges related to drugs. Drugs were never found at the scene or on Mr. GAETA's person. Mr. GAETA, after being released from custody, filed a Notice of Claim and commenced a civil action in Federal Court for civil rights violations and various intentional torts. He refused to take a plea for approximately six (6) years although offered an ACD many times. His trial began on March 20, 2008 in the District Court, First District, Nassau County, Criminal Part 2 in Hempstead, NY.

16.     On April 3, 2008, Plaintiff FRANK GAETA was on trial before the Hon. Judge Lea Ruskin, District Court, First District, Nassau County, Criminal Part 2. Prior to the commencement of trial, the parties agreed to stipulate that Plaintiff FRANK GAETA was, in fact, a Treasury Agent that had resigned in good standing from the Treasury Department. On April 3, 2008, Respondent WEDRA, the arresting officer, under cross examination spoke the

following false and defamatory words when he testified before the jury regarding conversations

he allegedly had with Treasury Agent George Murphy regarding Petitioner FRANK GAETA's

resignation from his employment as a Treasury Agent with the Internal Revenue Service and the

cause of said resignation.

      17.     Respondent ERROL WEDRA testified as follows:

> Q.     What time did you first find out that Mr. Gaeta was a treasury agent that
> had resigned in good standing and voluntarily, when did you first find that
> out that night?
>
> A.     That he resigned in good standing, I just heard that for the first time, I
> heard contrary that night.
>
> Q.     Oh, be careful now.  You just said you heard contrary that night that he
> didn't resign in good standing?
>
> A.     Yes.  Yes.
>
> Q.     From the treasury department?
>
> A.     Yes.
>
> Q.     At what time, because they will be here if you want.  Do you remember
> who you were talking to that said he didn't resign in good standing, as a
> matter of fact, good conduct also.  Who told you he had not resigned in
> good standing, what treasury agent?
>
> A.     Special Agent Murphy.
>
> Q.     I got Murphy's report.  You are saying Murphy told you he was not in
> good standing, is that what you are saying?
>
> A.     Yes, that he told me that he was forced to resign because he had
> psychological issues and couldn't handle the job, that's what he told me.
>
> Q.     Really?
>
> A.     Yes, sir.
> (Page 42, line 24 to page 44, line 12)

      18.     Plaintiff contends that the statements made by Police Officer WEDRA were

slanderous, untrue and a lie, and that these slanderous statements were spoken willfully and

maliciously., before the jury, while under oath, for the purposes of convicting Petitioner of a

crime and which in fact contributed to Petitioner's conviction of the crime.

      19.     By virtue of the U.S. Constitution and the statutes and regulations of the State of

New York and, in particular defendant GARDEN CITY's Police Department regulations,

defendant Errol WEDRA had and still has a duty to testify truthfully while under oath.  By

defaming the plaintiff while on trial for the sole purpose of obtaining a conviction, and thus

given the existence of the duties imposed, the untold violation of individual's rights that have

occurred, the abusive conduct alleged above was done intentionally and with complete disregard

for rights secured to the plaintiff under the Constitution of the U.S. and laws of the State of New

York.

   20.  That on February 24, 2009, a Notice of Claim was served upon the Village Clerk

of the Village of GARDEN CITY pursuant to Section 50-e of the General Municipal Law of the

State of New York.

   21.  That more than thirty (30) days have elapsed since the presentment of the

plaintiff's claim herein without settlement or adjustments by the Defendants, GARDEN CITY or

Nassau.

   22.  That Plaintiff has complied with all conditions precedent under the Municipal

Law of the State of New York prior to the commencement of this action against the defendants,

GARDEN CITY and Nassau, its employees, agents and servants.

AS AND FOR A FIRST COUNT
BASED UPON SECTION 42 USC SECTION 1983

   23.  Plaintiff repeats, realleges and reaffirms paragraphs one (1) through twenty-two

(22) as if fully set forth herein.

   24.  The actions of the defendants were done intentionally, willfully and/or with

deliberate indifference to, or reckless disregard for, the rights secured plaintiff under U.S.

Constitution and with knowledge of the consequences of their acts or omissions, to wit the act of

defaming, slandering and lying under oath to obtain a conviction clearly reflected knowledge on

the part of the defendants that harmful consequences would occur.

25.     Moreover, the failure of the other defendant to this action, defendant GARDEN CITY, to adequately intervene, train and create constitutionally conforming policies that protect an individual's rights reflects deliberate indifference to the plaintiff's civil rights.

26.     Defendants' misconduct totally disregarded the rights of substantive and procedural due process guaranteed by the U.S. Constitution and 42 USC Section 1983 and caused actual damages including pain and suffering an amount not less than the minimum monetary amount of this Court and for punitive damages in the amount to be determined by the jury, both awards against the defendants individually and in their official capacity, jointly and severally, as alleged in paragraph "12b" above.

AS AND FOR A SECOND COUNT
OF DEFAMATION AND SLANDER

27.     Plaintiff repeats, realleges and reaffirms paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28.     By reason of the above noted false and defamatory words as alleged in paragraph "17" having been spoken of and concerning the plaintiff, the plaintiff has been deprived of his liberty and held up to ridicule and disgrace, has been injured in his reputation , in his private life and has suffered and continues to suffer severe pain and mental anguish.

29.     That the words so spoken were false and defamatory, were known to the Defendant WEDRA to be false and defamatory and were spoken willfully and maliciously with the intent to damage Plaintiff's good name, reputation and credit as a Treasury Agent and to obtain a conviction against the Plaintiff, FRANK GAETA.

30.     That by reason of the foregoing, the Plaintiff has suffered from damages in an amount to be determined by the trial of this action.

## AS AND FOR A THIRD COUNT
## OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.     Plaintiff repeats, realleges and reaffirms paragraphs one (1) through thirty (30) as if fully set forth herein.

32.     The defendant WEDRA's act of defaming, slandering and lying to deprive the plaintiff his liberty and to permit emotional abuse, of creating an environment conducive to and permitting emotional abuse to occur, of creating and maintaining and enforcing a policy and custom of intentionally or recklessly failing to take action constitutes and was the cause in fact of the plaintiff's severe emotional distress. Defendant WEDRA's actions were extreme, wanton, intentional, excessive and outrageous by any standard of civility.  Said actions give rise to a claim for relief of monetary damages to compensate Plaintiff for the violation of his constitutional rights and emotional injuries.

## AS AND FOR A FOURTH COUNT
## OF NEGLIGENT TRAINING, RETENTION, SUPERVISION AND HIRING

33.     Plaintiff repeats, realleges and reaffirms paragraphs one (1) through thirty two (32) as if fully set forth herein.

34.     The defendants GARDEN CITY, was negligent in their training, retention and hiring of defendant ERROL WEDRA.

35.     That defendant GARDEN CITY was negligent by failing to supervise and prevent the defamation, slander and violation of the civil and constitutional rights of plaintiff FRANK GAETA by defendant WEDRA.

## AS AND FOR A FIFTH COUNT BASED UPON
## ARTICLE 1, SECTION 11 OF THE NEW YORK STATE CONSTITUTION

36.     Plaintiff repeats, realleges and reaffirms paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37.    Article 1 Section 11 of the New York State Constitution absolutely and clearly forbids the denial of equal protection of individual rights by the state or subdivision of the state.

38.    The abuse of authority alleged above gives rise to a claim for redress under state law and for which Plaintiff seeks actual damages including pain and suffering.

WHEREFORE, the plaintiff respectfully prays of the court as follows:

A.    Take jurisdiction of this matter; and

B.    A trial by jury; and

C.    Judgment for the Plaintiff against all defendants on all causes of action, and award punitive damages as against the individual defendants under each claim stated above, in such amounts as the jury determines; and

D.    Award the plaintiff prejudgment interest, attorneys fees pursuant to 42 U.S.C. Section 1988 and costs as permitted by law; and

E.    Such further, other and different relief as this Court may deem just and proper.

JURY DEMAND

A jury is demanded on all issued pursuant to F.R.C.P. Rule 38.

Dated: Brooklyn, New York          FREDERICK J. MARTORELL, ESQ. P.C.
       March 30, 2009

                              By: _____
                                     Frederick J. Martorell, Esq. (FM-6108)
                                     Attorney for Plaintiff
                                     1275 81st Street
                                     Brooklyn, NY  11228
                                     (718) 491-0431

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FRANK J. GAETA,

                           Plaintiff,                 **COMPLAINT WITH**
                                                     **JURY DEMAND**
     -against-                              **Docket #:**

INCORPORATED VILLAGE OF GARDEN CITY and
POLICE OFFICER ERROL WEDRA

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiff, by and through his attorney, FREDERICK J. MARTORELL, ESQ., of

FREDERICK J. MARTORELL, ESQ., P.C., complaining of the defendants allege upon

information and belief the following:

FACTS COMMON TO ALL COUNTS

       1.     Plaintiff FRANK J. GAETA is a resident of the State of New York and files this

action against the INCORPORATED VILLAGE OF GARDEN CITY (hereinafter referred to as

GARDEN CITY) and POLICE OFFICER ERROL WEDRA (hereinafter referred to as

WEDRA) for damages arising out of violations of his Federal and State constitutional and

statutory rights, for defamation and slander, and for infliction of emotional distress.

       2.     Plaintiff FRANK J. GAETA was subjected to serious and cruel abusive conduct

under color of state law in utter disregard for the rights guaranteed him under the Fourteenth

(14th) Amendment of the U.S. Constitution and other statutes and that the defendants infringed

upon the personal liberty of plaintiff.

       3.     That plaintiff FRANK GAETA was denied the right to be free and thus deprived

of his liberty under the Fourteenth Amendment of the United States Constitution by defendants

GARDEN CITY and WEDRA, when  defendant WEDRA perjured himself while testifying for

the State for the purpose of convicting plaintiff Frank Gaeta of a misdemeanor. The perjury was of a slanderous nature and had a negative impact upon the plaintiff in the eyes of the jury. The plaintiff was caused to lose his rights to a fair trial because of the defendant WEDRA's false and defamatory statement.

4.      That the defendant GARDEN CITY is the employer of the defendant WEDRA through its police department.

5.      That the defendant, GARDEN CITY establishes police policy for the GARDEN CITY Police Department and its police personal.

6.      That defendant WEDRA received training in police procedure including testifying at trial from the defendant GARDEN CITY through its police department.

7.      That it is the duty of the Defendant, GARDEN CITY to ensure that its local police department has policies and procedures that protect an individual's rights as guaranteed by the U.S. Constitution, 42 USC Section 1983 and Article I, Section 11 of the New York State Constitution.

8.      That it is the duty of the Defendant, WEDRA to ensure that he follows the policies and procedures of the defendant GARDEN CITY's police department that protect an individual's rights as guaranteed by the U.S. Constitution, 42 USC Section 1983 and Article I, Section 11 of the New York State Constitution.

JURISDICTION

9.      This claim concerns the violation of civil rights and the Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343. Plaintiff also pleads pendent claims for relief under the laws of the State of New York pursuant to 28 U.S.C. Section 1367.

## VENUE

10.     Plaintiff FRANK J. GAETA currently resides in The County of Queens, City and State of New York.  The claims alleged arose in the Eastern District and in particular, Nassau County.  The defendants, GARDEN CITY and  WEDRA are located in the Eastern District. Accordingly, venue properly lies in Eastern District pursuant to 28 USC §1391.

## PARTIES

11.     Plaintiff FRANK J. GAETA is an adult citizen of the United States.  He is a resident of the County of Queens, City and State of New York.

12.     a.     Defendant GARDEN CITY is, was and continues to be a municipal corporation formed pursuant to the Municipal Laws of the State of New York.

        b.     Defendant WEDRA is, was and continues to be an employee of Garden City Police Department for the defendant GARDEN CITY.  He is being sued in his individual capacity and his official capacity for his actions against the Plaintiff FRANK J. GAETA leading to these claims.

13.     That at all times herein mentioned, upon information and belief, the municipal defendant GARDEN CITY and the defendant P.O. WEDRA, employed by said defendant GARDEN CITY are an official and authorized law enforcement presence.

## STATEMENT OF FACTS

14.     On May 2, 2002, Plaintiff FRANK GAETA was arrested and charged with CPL 190.25, Impersonating a Peace Officer to obtain a benefit.  The arresting officer was defendant WEDRA (hereinafter "WEDRA") employee of the defendant GARDEN CITY through its local police department.  When defendant WEDRA took Mr. GAETA's wallet, he saw a memorabilia badge and an ID card for the Federal Law Enforcement Officers Association.  He asked Mr.

GAETA, "What is that? Where did you get it from?" In response Mr. GAETA stated, "I was on

the job." Plaintiff, FRANK GAETA had been a Treasury Agent for the IRS and had resigned

two (2) years earlier. Defendant WEDRA placed Mr. GAETA into custody, brought him back to

the GARDEN CITY police station and eventually charged him with CPL 190.25, a

misdemeanor. Mr. GAETA was in custody from 1:00 a.m. to approximately 8:30 a.m. that day

wherein he was subjected to an illegal strip search among other abuses.

15.     During the course of his confinement, the U.S. Treasury Department was contacted by

an employee of the defendant GARDEN CITY's local police department to verify that Mr.

GAETA had, in fact, been a Treasury Agent. Treasury Agent GEORGE MURPHY and another

female Treasury Agent arrived at the precinct that morning before Mr. GAETA was released

from custody. The Treasury Agents had been told by a member of the VILLAGE OF GARDEN

CITY POLICE DEPARTMENT that Mr. GAETA was there because of drugs. FRANK GAETA

has never had any association with illegal drugs. There were no charges related to drugs. Drugs

were never found at the scene or on Mr. GAETA's person. Mr. GAETA, after being released

from custody, filed a Notice of Claim and commenced a civil action in Federal Court for civil

rights violations and various intentional torts. He refused to take a plea for approximately six (6)

years although offered an ACD many times. His trial began on March 20, 2008 in the District

Court, First District, Nassau County, Criminal Part 2 in Hempstead, NY.

16.     On April 3, 2008, Plaintiff FRANK GAETA was on trial before the Hon.

Judge Lea Ruskin, District Court, First District, Nassau County, Criminal Part 2. Prior to the

commencement of trial, the parties agreed to stipulate that Plaintiff FRANK GAETA was, in

fact, a Treasury Agent that had resigned in good standing from the Treasury Department. On

April 3, 2008, Respondent WEDRA, the arresting officer, under cross examination spoke the

following false and defamatory words when he testified before the jury regarding conversations

he allegedly had with Treasury Agent George Murphy regarding Petitioner FRANK GAETA's

resignation from his employment as a Treasury Agent with the Internal Revenue Service and the

cause of said resignation.

17.    Respondent ERROL WEDRA testified as follows:

Q.    What time did you first find out that Mr. Gaeta was a treasury agent that
      had resigned in good standing and voluntarily, when did you first find that
      out that night?
A.    That he resigned in good standing, I just heard that for the first time, I
      heard contrary that night.
Q.    Oh, be careful now.  You just said you heard contrary that night that he
      didn't resign in good standing?
A.    Yes.  Yes.
Q.    From the treasury department?
A.    Yes.
Q.    At what time, because they will be here if you want.  Do you remember
      who you were talking to that said he didn't resign in good standing, as a
      matter of fact, good conduct also.  Who told you he had not resigned in
      good standing, what treasury agent?
A.    Special Agent Murphy.
Q.    I got Murphy's report.  You are saying Murphy told you he was not in
      good standing, is that what you are saying?
A.    Yes, that he told me that he was forced to resign because he had
      psychological issues and couldn't handle the job, that's what he told me.
Q.    Really?
A.    Yes, sir.
      (Page 42, line 24 to page 44, line 12)


18.    Plaintiff contends that the statements made by Police Officer WEDRA were

slanderous, untrue and a lie, and that these slanderous statements were spoken willfully and

maliciously., before the jury, while  under oath,  for the purposes of convicting Petitioner of a

crime and which in fact contributed to Petitioner's conviction of the crime.

19.    By virtue of the U.S. Constitution and the statutes and regulations of the State of

New York and, in particular defendant GARDEN CITY's Police Department regulations,

defendant Errol WEDRA had and still has a duty to testify truthfully while under oath. By defaming the plaintiff while on trial for the sole purpose of obtaining a conviction, and thus given the existence of the duties imposed, the untold violation of individual's rights that have occurred, the abusive conduct alleged above was done intentionally and with complete disregard for rights secured to the plaintiff under the Constitution of the U.S. and laws of the State of New York.

20.    That on February 24, 2009, a Notice of Claim was served upon the Village Clerk of the Village of GARDEN CITY pursuant to Section 50-e of the General Municipal Law of the State of New York.

21.    That more than thirty (30) days have elapsed since the presentment of the plaintiff's claim herein without settlement or adjustments by the Defendants, GARDEN CITY or Nassau.

22.    That Plaintiff has complied with all conditions precedent under the Municipal Law of the State of New York prior to the commencement of this action against the defendants, GARDEN CITY and Nassau, its employees, agents and servants.

AS AND FOR A FIRST COUNT
BASED UPON SECTION 42 USC SECTION 1983

23.    Plaintiff repeats, realleges and reaffirms paragraphs one (1) through twenty-two (22) as if fully set forth herein.

24.    The actions of the defendants were done intentionally, willfully and/or with deliberate indifference to, or reckless disregard for, the rights secured plaintiff under U.S. Constitution and with knowledge of the consequences of their acts or omissions, to wit the act of defaming, slandering and lying under oath to obtain a conviction clearly reflected knowledge on the part of the defendants that harmful consequences would occur.

25.    Moreover, the failure of the other defendant to this action, defendant GARDEN CITY, to adequately intervene, train and create constitutionally conforming policies that protect an individual's rights reflects deliberate indifference to the plaintiff's civil rights.

26.    Defendants' misconduct totally disregarded the rights of substantive and procedural due process guaranteed by the U.S. Constitution and 42 USC Section 1983 and caused actual damages including pain and suffering an amount not less than the minimum monetary amount of this Court and for punitive damages in the amount to be determined by the jury, both awards against the defendants individually and in their official capacity, jointly and severally, as alleged in paragraph "12b" above.

### AS AND FOR A SECOND COUNT
### OF DEFAMATION AND SLANDER

27.    Plaintiff repeats, realleges and reaffirms paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28.    By reason of the above noted false and defamatory words as alleged in paragraph "17" having been spoken of and concerning the plaintiff, the plaintiff has been deprived of his liberty and held up to ridicule and disgrace, has been injured in his reputation , in his private life and has suffered and continues to suffer severe pain and mental anguish.

29.    That the words so spoken were false and defamatory, were known to the Defendant WEDRA to be false and defamatory and were spoken willfully and maliciously with the intent to damage Plaintiff's good name, reputation and credit as a Treasury Agent and to obtain a conviction against the Plaintiff, FRANK GAETA.

30.    That by reason of the foregoing, the Plaintiff has suffered from damages in an amount to be determined by the trial of this action.

## AS AND FOR A THIRD COUNT
## OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.     Plaintiff repeats, realleges and reaffirms paragraphs one (1) through thirty (30) as if fully set forth herein.

32.     The defendant WEDRA's act of defaming, slandering and lying to deprive the plaintiff his liberty and to permit emotional abuse, of creating an environment conducive to and permitting emotional abuse to occur, of creating and maintaining and enforcing a policy and custom of intentionally or recklessly failing to take action constitutes and was the cause in fact of the plaintiff's severe emotional distress. Defendant WEDRA's actions were extreme, wanton, intentional, excessive and outrageous by any standard of civility.  Said actions give rise to a claim for relief of monetary damages to compensate Plaintiff for the violation of his constitutional rights and emotional injuries.

## AS AND FOR A FOURTH COUNT
## OF NEGLIGENT TRAINING, RETENTION, SUPERVISION AND HIRING

33.     Plaintiff repeats, realleges and reaffirms paragraphs one (1) through thirty two (32) as if fully set forth herein.

34.     The defendants GARDEN CITY, was negligent in their training, retention and hiring of defendant ERROL WEDRA.

35.     That defendant GARDEN CITY was negligent by failing to supervise and prevent the defamation, slander and violation of the civil and constitutional rights of plaintiff FRANK GAETA by defendant WEDRA.

## AS AND FOR A FIFTH COUNT BASED UPON
## ARTICLE 1, SECTION 11 OF THE NEW YORK STATE CONSTITUTION

36.     Plaintiff repeats, realleges and reaffirms paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37.     Article 1 Section 11 of the New York State Constitution absolutely and clearly
forbids the denial of equal protection of individual rights by the state or subdivision of the state.

38.     The abuse of authority alleged above gives rise to a claim for redress under state
law and for which Plaintiff seeks actual damages including pain and suffering.

WHEREFORE, the plaintiff respectfully prays of the court as follows:

A.      Take jurisdiction of this matter; and

B.      A trial by jury; and

C.      Judgment for the Plaintiff against all defendants on all causes of action, and award
        punitive damages as against the individual defendants under each claim stated
        above, in such amounts as the jury determines; and

D.      Award the plaintiff prejudgment interest, attorneys fees pursuant to 42 U.S.C.
        Section 1988 and costs as permitted by law; and

E.      Such further, other and different relief as this Court may deem just and proper.

## JURY DEMAND

A jury is demanded on all issued pursuant to F.R.C.P. Rule 38.

Dated: Brooklyn, New York          FREDERICK J. MARTORELL, ESQ. P.C.
       March 30, 2009

                                   By: _____
                                        Frederick J. Martorell, Esq.
                                        Attorney for Plaintiff
                                        1275 81st Street
                                        Brooklyn, NY  11228
                                        (718) 491-0431